### THOMAS H. COOK *v.* THE STATE.

1. INDICTMENT. *Return by grand jury. Entry on minutes. Filing.*
   If an indictment has been returned by the grand jury, and marked " filed " by the clerk, while the accused is at large, the entry of its return may, under Code 1871, § 2795, be made upon the minutes at any time after his appearance.

2. SAME. *Statute dispensing with entry. Effect on pending prosecution.*
   Such entry is, however, unnecessary, if the indictment was pending and marked " filed " at the time of the passage of the amendatory act of Feb. 6, 1878 (Acts 1878, p. 199), which makes the filing of the indictment evidence of its return.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge, did not sit in this case, but Hon. A. G. MAYERS presided by interchange.

*H. F. Simrall*, for the plaintiff in error, argued the case orally and in writing.

The record fails to show that the indictment, under which the accused was tried, was returned into court by the grand jury according to the formula prescribed by law. The prosecution was begun, and the indictment purports to have been

found in 1873. The statute of 1878 has no application. The question was raised in the court below. It must be distinctly shown by the record that the indictment was found and returned into court. *Laura* v. *State*, 26 Miss. 174. No presumption can be indulged. *Jenkins* v. *State*, 30 Miss. 408; *Hague* v. *State*, 34 Miss. 616; *Pond* v. *State*, 47 Miss. 39. The effect of Code 1871, § 2794, is only to postpone the entry until after the defendant appears. *Cachute* v. *State*, 50 Miss. 165. In *Cornwell* v. *State*, 53 Miss. 385, the members of the court differ as to the construction, but the majority adhere to the former decision. Under either construction of the statute, however, this indictment should be quashed. Neither an entry on the minutes nor an indorsement on the indictment has ever been made showing an indictment against the plaintiff in error. The record cannot be aided by reference to the indictment or by the clerk's recitals in the transcript; and without these there is absolutely nothing to identify the indictment or show how it got into court. The entry of a criminal case on the docket, in 1875, or the word "filed," marked on this indictment, throws no light upon the subject. Without inference and intendment, the indictment cannot be sustained.

*L. W. Magruder*, on the same side, argued orally and filed a brief.

A citizen can be charged with crime and put upon trial only by the action of a grand jury. The formal requisites of such action are prescribed by law, and must appear by the record, which is the only admissible proof of such facts. The presentation by the grand jury of the indictment in open court is a fundamental element of what the law requires. The indictment itself is no evidence of such action. It is a judicial act, as necessary as the entry of a verdict, and must appear from the minutes. Its object is not alone to identify the indictment, but the minutes should show that the particular defendant by name was presented in open court as an indicted party. It is the policy of the law thus to surround the action of the grand jury with formality. This requirement has for ages been enforced with unbending rigor, as a preliminary prescribed for the protection of the citizen. In order to indi-

cate the estimation in which the rule has been held, and the purpose for which it was instituted, reference is made to the following decisions: *Gardner* v. *People*, 3 Scamm. 83; *Rainey* v. *People*, 3 Gilman, 71; *Chappel* v. *State*, 8 Yerger, 166; *Wrocklege* v. *State*, 1 Iowa, 167.

*T. C. Catchings*, Attorney General, for the State, filed a brief and made an oral argument.

The record complies with the law, which only requires it to show that the indictment was returned by a lawful grand jury. It was unnecessary for the minutes to contain the defendant's name. Enough appears to identify the indictment returned by the grand jury with that on which he was tried. He was not in custody when the indictment was found, and it would have been improper to enter his name until he was apprehended. Nothing appearing to the contrary, the presumption is that the term at which his name first appears was the one immediately succeeding his arrest.

GEORGE, C. J., delivered the opinion of the court.

The plaintiff in error was convicted of manslaughter in the court below. He moved for a new trial, and also in arrest of judgment, both of which were refused. It is not seriously insisted in this court that there was error in refusing a new trial; and, upon an examination of the evidence, we are satisfied that the court acted properly in refusing it. The alleged error, in overruling the motion in arrest of judgment, is pressed here with great zeal and ability; and we have examined the record with the care that the importance of the case demands, aided by the very able arguments made on both sides. The motion in arrest is based on an alleged failure of the record to show that the indictment was properly returned into court. It was marked "filed" by the clerk on March 27, 1873. The indictment was against P. H. and Thos. Cook, and in the entry of the return of it by the grand jury on the minutes at that term, it is stated to be an indictment against P. H. Cook, the other defendant. The plaintiff in error was not then arrested, and the clerk erased his name from the said entry on the minutes, so that it appeared to be an entry of an indictment found against P. H. Cook alone. This entry was

repeated for several terms, and until after P. H. Cook was tried and acquitted. It appears that after this Thomas H. Cook, the plaintiff in error, was arrested; and then, in the notices of the case appearing on the minutes of the court, it is always entered as " The State v. Thos. H. Cook," but with the same number stated in the original entry of the return of the indictment. The defendant pleaded to the indictment at the January Term, 1880, and was thereupon tried and convicted, as before stated. There never was any other entry of the return of the indictment by the grand jury made on the minutes of the court than that made in March, 1873, and before alluded to. If it is conceded that this entry was insufficient, it does not follow that the motion in arrest should have been sustained.

The indictment was marked "filed" by the clerk at the time it was presented by the grand jury; and by the statute then existing, Code 1871, § 2795, an entry on the minutes of its return was prohibited until the defendant had been arrested and was in custody or on recognizance. It is further provided, by that section, that the entry of the return of the indictment may be made on the minutes of the court *at any time* after the appearance of the defendant. Under this statute it was in the power of the Circuit Court to have caused the entry to be made at the time the trial of the plaintiff in error took place in January, 1880, if the court deemed such entry necessary. While the indictment was pending in the court, marked "filed," as before stated, and with the power in the court to cause its return by the grand jury to be entered on the minutes, and while therefore it was a good and valid indictment under which the plaintiff in error might have been lawfully tried, the statute of Feb. 6, 1878 (Acts 1878, p. 199), was passed. This statute provided that the filing of the indictment by the clerk should " be evidence of the proper and legal return into court of such indictment." It was therefore wholly unnecessary to have made any entry of its return on the minutes. There is nothing in the Act of 1878 to confine this part of it to indictments found after its passage; and it was entirely competent for the legislature to declare the effect of the filing of indictments which were found before its pas-

sage, in all cases where an indictment, at the time of the passage of the act, was properly pending, and could be made operative by action of the court thereafter to be taken. If the indictment had been in such condition at the time of the passage of the Act of 1878, that it could not, by the law as it stood before its passage, be made a valid indictment, then the effect of this act, as a revivor of the indictment, would present a very different question, as to which we express no opinion.

*Judgment affirmed.*